The Honorable Richard D. Lamm Governor, State of Colorado Executive Chambers State Capitol Building Denver, Colorado 80203
Dear Governor Lamm:
QUESTION PRESENTED AND CONCLUSION
You have requested a legal interpretation of C.R.S. 1973,35-1-105(1)(b) with respect to whether a member of the state agricultural commission may be someone actively engaged in an "allied activity" to the business of agriculture.
 My conclusion is that the appointment of a person to the state agriculture commission who is actively engaged in an activity allied to the business of agriculture is proper.
ANALYSIS
The relevant part of C.R.S. 1973, 35-1-105(1)(b) reads as follows:
 (b) The members of said commission shall be appointed from persons actively engaged in the business of agriculture and allied activities, but a majority of the commission shall be appointed from persons actively engaged in the business of agriculture in such a manner that representation of no agricultural commodity organization shall constitute a majority of the commission.
Further, the definition of "agriculture" appears at C.R.S. 1973,35-1-102(1). It is as follows:
 "Agriculture" means the science and art of production of plants and animals useful to man, including, to a variable extent, the preparation of these products for man's use and their disposal by marketing or otherwise, and shall include horticulture, floriculture, viticulture, forestry, dairy, livestock, poultry, bee, and any and all forms of farm products and production.
The definition of agriculture includes activities such as preparation of products and their disposal by marketing. By its own terms, the statute seems to include allied activities to the business of agriculture within the definition of agriculture. C.R.S. 1973, 35-1-105(1)(b), which refers to engagement in the business of agriculture and allied activities as a requisite for commission membership, reiterates that "agriculture" under the statute has a broader meaning than the traditional concept of farming. The requirement of "agriculture and allied activities" applies to membership of the entire commission and not to each individual member.
SUMMARY
Therefore, we conclude that the appointment of a person to the state agriculture commission who is actively engaged in an activity allied to the business of agriculture is proper.
FOR THE ATTORNEY GENERAL:
 JEAN E. DUBOFSKY Deputy Attorney General
 SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MacFARLANE
AGRICULTURE
C.R.S. 1973, 35-1-105(1)(b) C.R.S. 1973, 35-1-102(1)
EXECUTIVE BRANCH Governor, Office of
Opinion offered regarding the legal interpretation of C.R.S. 1973, 35-1-105(1)(b) with respect to whether a member of the state agriculture commission may be someone actively engaged in an "allied activity" to the business of agriculture. The opinion states it is appropriate to appoint one actively engaged in allied activity to commission.